**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GABRIAL DIAB,

        Plaintiff,

v.

                                                               Case No. 07-CV-11681-DT

TEXTRON INC.,

        Defendant.
                                                    /

**OPINION AND ORDER GRANTING**
**"DEFENDANT'S MOTION FOR DISMISSAL OF COUNT II"**

Pending before the court is Defendant Textron Inc.'s ("Textron's") May 30, 2007 "Motion for Dismissal of Count II." This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

Plaintiff Gabrial Diab filed his first amended complaint on May 9, 2007. (*See* Am. Compl.) In his complaint, Diab raised the following claims: (I) breach of contract; (II) wrongful termination/retaliation in violation of Michigan public policy; and (III) promissory estoppel. (*See id.*) These claims arose from an employment relationship with Textron whereby Diab was allegedly terminated for seeking to enforce provisions of his employment contract that entitled him to stock options. (*Id.* at ¶ 13-14.)

On May 30, 2007, Textron filed its answer and motion to dismiss. In its motion, Textron contends that Count II should be dismissed "because Plaintiff has failed to

identify the public policy which allegedly has been violated, as required to state a claim upon which relief may be granted." (Def.'s Mot. at ¶ 7.)

## II. STANDARD

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his complaint that would entitle him to relief. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002); *Hardy v. Jefferson Cmty. Coll.,* 260 F.3d 671, 677 (6th Cir. 2001). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. \_\_, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41,

2

47 (1957). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

For an at-will employee, such as Diab, to prevail on a claim for termination in violation of public policy, the employee must show that he was terminated (1) in violation of "explicit legislative statements prohibiting the discharge . . . of employees who act in accordance with a statutory right or duty;" (2) for his "failure or refusal to violate a law in the course of employment;" or (3) for exercising "a right conferred by a well-established legislative enactment." *Suchodolski v. Michigan Consol. Gas Co.*, 316 N.W.2d 710, 711-12 (Mich. 1982).

Diab claims that he "relies on the third circumstance and alleges that he was discharged for exercising a right granted under Michigan law: the right to enforce the terms of his contract." (Pl.'s Resp. at 3.) While Diab recognizes that there are no Michigan statutes that confer this right, Diab contends that he can use Michigan common law, which recognizes the right to enforce contracts, to satisfy the "well-

3

established legislative enactment requirement," and cites *Vagts v. Perry Drug Stores, Inc.*, 516 N.W.2d 102 (Mich. Ct. App. 1994) to support this claim.

As Textron notes in its reply, Diab incorrectly quotes *Vagts*. Although the *Vagts* court does state that "[t]he term 'law' may include those principles promulgated in constitutional provisions, common law, and regulations as well as statutes," it allows employees to do so only in "[t]he second form of the exception . . . where an employee has been discharged because the employee refused to violate a 'law.'" *Id.* at 104. When an employee seeks to base a public policy violation on his exercise of a statutory right, as Diab attempts to do here, he must "rely upon a statute for the source of an identifiable public policy." *Id.* at 103. Because Diab fails to cite any statute that establishes his substantive right[1] to enforce a contractual provision, his public policy claim must fail.

## IV. CONCLUSION

IT IS ORDERED that Defendant's May 30, 2007 "Motion for Dismissal of Count II" [Dkt. # 5] is GRANTED. Count II of Plaintiff's Complaint is DISMISSED.[2]

                                            s/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

---

[1] Diab's attempt to cite to Michigan's general six-year statute of limitations period for breach of contract claims, found in M.C.L. § 600.5807(8), is insufficient to meet this burden.

[2] The court will not award sanctions against Diab at this time, as Textron's request for sanctions is not yet the subject of a separate motion. Textron may choose to file a motion for sanctions at a later date and the court expresses no opinion on the merits of such a motion.

Dated: July 18, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2007, by electronic and/or ordinary mail.


                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522