UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIAL DIAB,                                    Case No. 07-11681

        Plaintiff,                              HONORABLE SEAN F. COX
                                                 United States District Judge
v.

TEXTRON, INC., TEXTRON FASTENING
SYSTEMS, INC., TFS FASTENING SYSTEMS
LLC, & ACUMENT FASTENING SYSTEMS
LLC,

        Defendants.
_____/

OPINION & ORDER

On May 1, 2009, Plaintiff Gabrial Diab ("Diab") filed his "Motion *in Limine* to Exclude Evidence Consistent with the Court's Opinion and Order." [Doc. No. 65]. Diab argues that the Court's November 6, 2008 Opinion & Order denying summary judgment for the Defendants [Doc. No. 56] held "that there was a contract between the parties which granted Plaintiff the right to receive stock options." [Pl.'s Br., Doc. No. 65, p.2, ¶3]. As such, Diab seeks an order from the Court "exclud[ing] all evidence at trial that there is no contract and/or that the contract does not require payment of stock options." *Id*. at 2. The parties have fully briefed the issues, and a hearing was held on May 22, 2009. For the reasons that follow, the Court **GRANTS** Diab's Motion *in Limine* [Doc. No 65].

BACKGROUND

Defendants filed a Motion for Summary Judgment [Doc. No. 47] on June 30, 2008. In that document, Defendants argued that the language in Diab's hiring letter with Textron

1

Fastening Systems dated September 21, 2007 [Ex. A to Def.'s Motion, Doc. No. 47] ("the Contract") was plain and unambiguous. *Id*. at 6 ("Here, the language is clear and without ambiguity."). This position was affirmed by Defense Counsel at the October 9, 2008 hearing:

> THE COURT: Ms. Orr, on page six of your brief, top of the page, you state that the language of the contract is clear and without ambiguity, correct?
>
> MS. ORR: Correct.
>
> THE COURT: And that's your position?
>
> MS. ORR: Yes, sir.
>
> \*\*\*\*\*\*\*\*\*\*
>
> THE COURT: So the September 27, 2001 letter to the plaintiff from Mr. Schuett [Def.'s Ex. A, Doc. No. 47] is the employment contract?
>
> MS. ORR: Correct.
>
> THE COURT: Which is clear and unambiguous, correct?
>
> MS. ORR: Correct.

[Tr. of October 9, 2008 Hearing, Doc. No. 63, pp.3-4, 6].

Diab likewise agreed, and continues to agree, that the Contract is clear and free from ambiguity. *See, e.g.,* Pl.'s Brief in Opposition to Summary Judgment, Doc. No. 47, p.15; Tr. of October 9, 2008 Hearing, Doc. No. 63, p.29. However, while both parties agreed that the Contract's plain language was free from ambiguity, the parties "disagree[d] as to what the [proper] interpretation is" of the Contract's terms. [Doc. No. 63, p.29].

Construing the admittedly plain and unambiguous language of the Contract between the parties, the Court held that the Contract grants Diab the right to receive annual stock options at his election. [November 6, 2008 Opinion & Order, Doc. No. 56, p.7]. Because of this, the Court

denied the Defendant's motion for summary judgment.[1]

At no time since the Court's November 6, 2008 Opinion & Order have the Defendants filed a motion for the Court to reconsider its holding, nor have the Defendants come forward with any new evidence not already considered by the Court at the summary judgment phase.

Citing the February 2, 2009 Joint Final Pretrial Order [Doc. No. 58], and Defendant's proposed issues of fact for trial, "Plaintiff anticipates that during trial of this matter Defendants will attempt to introduce evidence that there is no contract and/or that the contract does not require the payment of stock options." [Pl.'s Motion *in Limine*, Doc. No. 65, ¶4, *see also* Pl.'s Br. in Support, Doc. No. 65, p.1]. Diab seeks an order from this Court:

> . . .that all evidence, testimony, or argument of counsel that there was no contract between the parties or that the contract does not require payment of stock options to Plaintiff be excluded from trial in this matter as the only triable issues of fact are whether the contract was breached and resulting damages to Plaintiff.

[Pl.'s Br., Doc. No. 65, p.10].

In opposition to Diab's Motion *in Limine*, the Defendants argue that the Court's November 6, 2008 Opinion & Order does not bind the parties at trial. Consistent with the standard of review for a motion under FED. R. CIV. P. 56(c), Defendants argue that:

> the Court was required to, and did, construe the evidence as to whether a contract existed in the light most favorable to Plaintiff. There has always been, however, a genuine issue of material fact as to which document controls Plaintiff's right, if any, to annual grants in 2003 and 2004.

[Def.'s Answer to Motion *in Limine*, Doc. No. 66, ¶3]. Defendants further argue that "[p]arties can agree that an agreement exists and even that it is not ambiguous, without agreeing on the

---

[1] Because the Court found that a valid contract existed which controlled the rights between the parties, the Court dismissed Diab's alternative claim for promissory estoppel.

meaning of terms in that agreement or whether other documents control more specific rights." [Def.'s Br. in Opposition to Motion *in Limine*, Doc. No. 66, p.4]. "Had Plaintiff filed his own motion [for summary judgment]," Defendants argue, "the Court would have been required to then view the evidence in a light most favorable to the Defendants." *Id*. at 6-7 (internal parenthetical omitted). Therefore, according to the Defendants, the contractual rights between the parties are still an issue of fact for the jury, and the evidence involved in this motion is therefore relevant and should not be excluded from trial. *Id*. at 14.

## ANALYSIS

While Defendants are correct that federal courts examine *disputed* facts in the light most favorable to the non-moving party at the summary judgment phase, no facts were disputed in the instant case. As described *supra*, both parties admitted in their filed briefs, and again at oral argument on November 6, 2008, that the Contract was plain and unambiguous. The parties were bound, and remain bound, by these admissions disclaiming a genuine issue of material fact that the Contract controls the rights of all parties to this lawsuit. *See Gill v. Gonzales*, 127 Fed. Appx. 860, 863 (6th Cir. 2005) (holding that parties are bound by the admissions of their attorneys).

While both parties disagreed as to the proper *interpretation* of the Contract, such legal determinations were, and remain, issues for the Court. *See, e.g.*, *In re Smith*, 480 Mich. 19, 24 (2008)(holding that it is the Court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning); *Kay Inv. Co. LLC v. Brody Realty No. 1 LLC*, 273 Mich. App. 432, 437 (2006)(Court must enforce an unambiguous contract according to its plain terms).

The Court already engaged in an exhaustive discussion of the Contract's terms [*See* November 6, 2008 Opinion & Order, Doc. No. 56, pp.7-9], and determined as a matter of law that Diab was entitled to receive annual stock options under the terms of the Contract.

The bulk of Defendants' brief in opposition to Diab's motion [Doc. No. 66] consists of arguments already made during the summary judgment phase.  Defendants again argue that the Contract does not support the right for Diab to receive *annual* stock option awards [Doc. No. 66, p.3], an argument which the Court rejected in it's earlier Opinion & Order [Doc. No. 56, p.9]. Defendants also argue that Long-Term Incentive Compensation Plan ("LTIC") controlled Diab's right to receive stock options, and that Diab knew the LTIC controlled his rights [Doc. No. 66, p.3], another argument similarly addressed and rejected by the Court. [Doc. No. 56, p.8].

Defendants concede that the Contract's terms were plain and unambiguous.  Both parties also concede that Michigan's law of contracts controls.  Under Michigan law, the Court has the responsibility to interpret contracts according to their plain and ordinary meaning.  *In re Smith*, 480 Mich. 19, 24 (2008).  Courts interpret the words used in a contract in accordance with their commonly used meanings, *Citizens Ins. Co. v. Pro-Seal Service Group, Inc.*, 477 Mich. 75, 84 (2007), and must enforce an unambiguous contract according to its plain terms.  *Kay Inv. Co. LLC*, 273 Mich. App. 432, 437 (2006).  The Court did this, and held that the Contract's terms entitled Diab, at his option alone, to annual stock option grants.

Though contained within an order denying the Defendants summary judgment, the Court's interpretation of the Contract *as a matter of law* remains binding on this case.  As there were no issues of fact to construe in the light most favorable to Diab, the Court's holding as a matter of law remains binding upon the parties.

Three issues remain for trial between the parties: 1) the Defendants' alleged breach of the

5

Contract; 2) waiver by Diab of any breach; and 3) damages.

In their Motion for Summary Judgment [Doc. No. 47, p.11], Defendants argued that Diab's acceptance of restricted stock, as opposed to stock options, in 2003 and 2004 constituted a waiver of any right Diab may have had to receive stock options for those years. "Waiver must be established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to. . . waive the particular original contract." *Sandler v. AII Acquisition Corp.*, 954 F.2d 382 (6th Cir. 1992).

In denying the Defendants' motion on this issue, the Court construed the disputed facts in the light most favorable to Diab, and held that "[t]he evidence in this case does not clearly and convincingly support the argument that Diab waived any right he had to stock options by accepting the restricted stock given to him in 2003 and 2004." [November 6, 2008 Opinion & Order, Doc. No. 66, p.10]. Though Defendants failed to demonstrate an absence of genuine issues of material fact regarding waiver, a jury could still find that Diab waived his rights to stock options in 2003 and 2004, and as such this issue remains for trial.

## CONCLUSION

For the reasons explained above, and for the reasons explained in the Court's November 6, 2008 Opinion & Order [Doc. No. 65], the Court **GRANTS** Diab's Motion *in Limine* [Doc. No. 65]. The Court **EXCLUDES FROM EVIDENCE** at trial any information denying the existence of a contract between Diab and the Defendants; **EXCLUDES FROM EVIDENCE** at trial any information denying that the contract required the Defendants to pay annual stock options to Diab; and **EXCLUDES FROM EVIDENCE** at trial any information that documents not specifically mentioned in the Contract, including the LTIC Plan, governed Diab's right to

receive annual stock options at his election. The only issues which remain for trial by the parties are: 1) Defendants' alleged breach of the Contract; 2) waiver by Diab; and 3) damages.

**IT IS SO ORDERED**.

                                                        s/ Sean F. Cox
                                                        SEAN F. COX
Dated: May 28, 2009                             UNITED STATES DISTRICT COURT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2009, by electronic and/or ordinary mail.

                                S/Timilyn M. Katsaros
                                Administrative Assistant