UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIAL DIAB,

             Plaintiff,

v.

TEXTRON, INC., TEXTRON FASTENING
SYSTEMS, INC., TFS FASTENING SYSTEMS
LLC, & ACUMENT FASTENING SYSTEMS
LLC,

             Defendants.

_____/

Case No. 07-11681

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER DENYING DEFENDANTS' MOTION TO STRIKE [Doc. No. 69]

On June 2, 2009, Defendants filed their "Motion to Strike Plaintiff's Expert Witness and

His Written Opinion." [Doc. No. 69].  Defendants argue that, "[b]ecause the Court has ruled that

the parties cannot introduce any evidence concerning other documents . . .that governed Diab's

right to receive the stock options, Defendants ask this Court to prohibit Plaintiff from calling his

expert witness, Mr. Barry Grant."  [Def.'s Br., Doc. No. 69, p.2].  The parties have fully briefed

the issues, and as the motion is without merit, the Court declines to hear oral argument pursuant

to Local Rule 7.1(e)(2).  For the reasons that follow, the Court **DENIES** Defendant's motion

[Doc. No. 69]

BACKGROUND

On June 30, 2008, the Defendants moved for summary judgment [Doc. No. 47] on Diab's

1

claims of beach of contract and promissory estoppel.[1]  The Court, in an Opinion & Order dated

November 6, 2008, held that there was a contract between the parties which entitled Diab to

receive annual grants of stock options:

> Diab and Textron each agree that the September 27, 2001 hiring letter to Diab is a
> contract, that its terms are unambiguous, and that the language of the Contract
> controls any rights Diab may have to stock options.  This Court finds the plain
> language of the Contract grants Diab the right to receive stock options at his
> election. . .

[November 6, 2008 Opinion & Order, Doc. No. 56, pp.6-7].

Seeking to prevent the Defendants from proffering evidence at trial "that there is no

contract and/or that the contract does not require payment of stock options," Diab filed a motion

*in limine* [Doc. No. 65] on May 1, 2009.  The Court granted Diab's motion on May 28, 2009

[Doc. No. 68], holding as follows:

> The Court EXCLUDES FROM EVIDENCE at trial any information denying the
> existence of a contract between Diab and the Defendants; EXCLUDES FROM
> EVIDENCE at trial any information denying that the contract required the
> Defendants to pay annual options to Diab; and EXCLUDES FROM EVIDENCE
> at trial any information that documents not specifically mentioned in the Contract,
> including the LTIC Plan, governed Diab's annual right to receive annual stock
> options at his election.

[May 28, 2009 Opinion & Order, Doc. No. 68, pp.6-7].  Also in that Opinion & Order, the Court

found that "[t]he only issues which remain for trial by the parties are: 1) Defendant's alleged

breach of the Contract; 2) waiver by Diab; and 3) damages."  *Id*. at 7.

Relying upon the Court's May 28, 2009 Opinion & Order, the Defendants now argue that

the Court should strike from evidence the written opinions or oral testimony of Mr. Barry Grant

---

[1] Diab's claim for promissory estoppel was dismissed at the summary judgment phase
after the Court ruled as a matter of law that Diab's right to stock options was governed
exclusively by his contractual relationship with his employer.

("Grant"), a CPA who prepared an expert report setting forth the method by which to evaluate

Diab's damages in this case.  Diab seeks to offer live testimony and/or the written report of Grant

during trial, in support of their claim for money damages.  The Defendants argue that "because

Mr. Grant's opinion is based on the terms and provisions of the LTIC Plan and other evidence

that is extrinsic to the terms of the offer letter, the Court should strike Grant's expert report from

evidence and prevent him from testifying." [Doc. No. 69, p.3].

## ANALYSIS

The Defendants's instant motion misconstrues the scope of the Court's May 28, 2009

Opinion & Order.  As quoted *supra*, the May 28, 2009 Opinion & Order merely prohibited the

parties from proffering evidence *that a document other than the Contract controlled Diab's right

to receive stock options*.

Defendants first made issue of the discretion vested within the Long-Term Incentive

Compensation ("LTIC") Plan in their Motion for Summary Judgment [Doc. No. 47], arguing that

the LTIC Plan reserved discretion in the Defendants to unilaterally amend Diab's stock options at

any time.  Therefore, Defendants argued, the LTIC Plan allowed the Defendants to award Diab

stock options *or* restricted stock, or simply nothing at all, in the Defendants' sole discretion. [*See*

Doc. No. 47, p.8].

The Court rejected the above argument by the Defendants in its November 6, 2008

Opinion & Order denying summary judgment, giving several reasons why, as a matter of law,

Diab was entitled to annual stock options at his election under the plain and unambiguous terms

of the Contract. [*See* Doc. No. 56, pp. 6-9].

In response to Diab's motion *in limine* [Doc. No. 65], Defendants again proffered

arguments regarding the Defendants' discretion to award Diab restricted stock pursuant to the

terms of the LTIC Plan, not the Contract. *See, e.g.,* Doc. No. 66, p.3, ¶5 ("Defendants have

consistently argued that any right Plaintiff had to receive further grants on an annual basis was

pursuant to the terms of the Long Term Incentive Compensation Plan . . . Plaintiff's attempt now

to foreclose Defendants from arguing their theory to the jury, while clever, is seriously flawed.").

As the Court had already construed the terms of the Contract as a matter of law during the

summary judgment phase, the Court granted Diab's motion *in limine*, and held as follows:

> The Court EXCLUDES FROM EVIDENCE at trial any information denying the
> existence of a contract between Diab and the Defendants; EXCLUDES FROM
> EVIDENCE at trial any information denying that the contract required the
> Defendants to pay annual stock options to Diab; and EXCLUDES FROM
> EVIDENCE at trial any information that documents not specifically mentioned in
> the Contract, including the LTIC Plan, *governed Diab's right to receive annual
> stock options at his election*.

[Doc. No. 68, pp.6-7] (emphasis added).  Notably, the Court *did not* exclude any documents,

including the LTIC Plan, from being admitted as evidence at trial.  Rather, the Court merely

prevented arguments that Diab's "right to receive annual stock options at his election" was

contingent upon the discretion claimed by the Defendants to reside in the LTIC Plan.  Put another

way, the Court's May 28, 2009 Opinion & Order [Doc. No. 68] *did not* preclude any party from

referencing the LTIC Plan; the Court merely precluded the use of the LTIC Plan, or any other

documents for that matter, in furtherance of arguments contrary to the Court's conclusions of law

in the November 6, 2008 Opinion & Order regarding the terms of the Contract.

Grant's expert opinion, by its own admission, considered a number of documents in the

preparation of damage calculations on this case.  One of those documents was the LTIC Plan.

However, as Diab argues, all Grant used the LTIC Plan for in preparing his report was "to

determine the exercise and vesting dates of stock options, *i.e.*, the terms and conditions for

exercise of Diab's stock options had they been awarded to him." [Pl.'s Brief, Doc. No. 82, p.5].

Grant's expert report does not use the LTIC Plan to offer any opinion regarding Diab's right to

receive stock options, the only use of the LTIC Plan the Court prohibited at trial in it's May 28,

2009 Opinion & Order.  As such, Defendants' Motion to Strike [Doc. No. 69] is **DENIED**.


CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendants' "Motion to Strike

Plaintiff's Expert Witness and His Written Opinion" [Doc. No. 69].

**IT IS SO ORDERED**.


s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June
10, 2009, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager