UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIAL DIAB,                                    Case No. 07-11681

        Plaintiff,                          HONORABLE SEAN F. COX
                                             United States District Judge
v.

TEXTRON, INC., TEXTRON FASTENING
SYSTEMS, INC., TFS FASTENING SYSTEMS
LLC, & ACUMENT FASTENING SYSTEMS
LLC,

        Defendants.
_____/

OPINION & ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* [Doc. No. 79]

On June 5, 2009, Defendants filed their "Motion *in Limine* to Bar Evidence of, or Reference to, Damages Elements Not Claimed in the Joint Final Pretrial Order." [Doc. No. 79]. Defendants argue that Diab should be precluded from introducing evidence tending to show "damages for unfavorable income tax rates." [Def.'s Br., Doc. No. 79, p.2]. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court **DENIES** Defendants' motion [Doc. No. 79].

BACKGROUND

The parties filed their Joint Final Pretrial Order [Doc. No. 58] on February 2, 2009. Under the local court rules, the parties are required in that document "[t]o itemize all claimed damages and shall specify damages that can be calculated from objective data." L.R. 16.2(b)(10). Pursuant to that requirement, Diab listed his damages as follows in the Joint Final Pretrial Order:

1

> This Court has already ruled that there is a contract pursuant to which Plaintiff Gabrial Diab is entitled to receive stock options at his election.  Plaintiff has suffered damages from Defendants' breach of this contract, and the failure to award him stock options as required by the contract.  *Plaintiff relies on the expert report produced in this matter which estimates Plaintiff's damages at $246,044.00.*

[Joint Final Pretrial Order, Doc. No. 58, p.22, ¶10 (emphasis added)].

The expert report described above is a letter, dated October 1, 2008, from an accountant named Barry Grant ("Grant") to counsel for Diab [Attached as Def.'s Ex. C, Doc. No. 79]. In that report, Grant considers a number of factors in arriving at a damages calculation of $246,044.00 for Diab's claim against the Defendants. In two separate sections of the Letter, however, Grant expressly disclaims any inclusion of damages related to income taxes as part of his calculations:

> Mr. Diab is a Canadian resident residing in Canada.  A lump-sum payment will be taxed as ordinary income in the year received.  Any increase [*sic*] income taxes, that could exist, has not been calculated.

[Doc. No. 79, Ex. C, §§ 4.413, 4.423]. Thus, the expert report relied upon by Diab in the Joint Final Pretrial Order does not include a specific damages calculation regarding any damages related to increased income taxes Diab may have incurred because of the Defendants' breach.

In his Trial Brief [Doc. No. 73], filed June 3, 2009, Diab argues as follows:

> Additionally, Plaintiff is entitled to recover losses as a result of unfavorable tax rates.  Plaintiff's tax rate had he received options would have been 20%.  His tax rate for income, which his damages will be, is 50%.  That 30% difference is recoverable as damages "which are a 'direct and proximate result' of the party's breach and were 'within the contemplation of the parties' when the contract was made."

[Pl.'s Trial Brief, Doc. No. 73, p.9, *quoting Home Ins. Co. v. Commercial & Industrial Security Services, Inc.*, 57 Mich. App. 143, 146 (1974)]. While damages have been referred to generally

2

in other previously-filed documents, this is the first mention Diab has made of an alleged right to receive damages for negative tax implications in a document filed before this Court.

The Defendants argue that, as Diab's request for damages arising from tax implications was "not itemized in the Final Pretrial Order. . .," the Court should "bar any reference to or any evidence of a claim for damages for unfavorable income tax rates." [Def.'s Br., Doc. No. 79, p.2]. Defendants primarily rely upon the U.S. Supreme Court case of *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) for their argument that "claims, issues, defenses, or theories of damages not included in the Pretrial Order are waived even if they appear in the Complaint. . . ." *Rockwell*, 549 U.S. at 474.

In his response to the Defendants' instant motion [Doc. No. 80], Diab makes two primary arguments: 1) that the instant motion filed by the Defendants is not timely; and 2) that Defense counsel had adequate notice of Diab's intent to seek such damages.

## ANALYSIS

Diab is correct that the Defendants did not file the instant motion in a timely manner. On April 23 2009, the Court entered an "Order Regarding Trial" [Doc. No. 62], which required all motions *in limine* to be filed no later than May 1, 2009. [Doc. No. 62, ¶3]. However, as the Defendants argue, the exact subject matter of the instant motion "could not have been known until Plaintiff filed his Trial Brief on June 3, 2009." [Doc. No. 81, p.2, ¶2]. As such, the Court will consider the merits of the Defendants' motion despite its untimely filing.

The Defendants are correct that Diab did not specifically enumerate tax loss damages as an element of recovery in the parties' February 2, 2009 Joint Final Pretrial Order. Rather, Diab's disclosure regarding damages in that document, in its entirety, reads as follows:

3

> This Court has already ruled that there is a contract pursuant to which Plaintiff Gabrial Diab is entitled to receive stock options at his election. Plaintiff has suffered damages from Defendants' breach of this contract, the failure to award him stock options as required by the contract. Plaintiff relies on the expert report produced in this matter which estimates Plaintiff's damages at $246,044.00

[Joint Final Pretrial Order, Doc. No. 58, p.22, ¶10].

The expert report mentioned in this disclosure, prepared by Mr. Barry Grant, specifically notes that any potential tax damages to Diab were not factored into his analysis. Notably, the report also states that, while not calculated by Grant, any award given in this case "will be taxed as ordinary income in the year received." As such, while Diab's request for damages flowing from potential tax liability were not specifically outlined by Diab in the Joint Final Pretrial Order, the Defendants were on notice to such damages being potentially recoverable in the instant case.

"Claims, issues, defenses, or *theories of damages* not included in the Pretrial Order are waived even if they appear in the Complaint . . ." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (emphasis added). The issue before the Court, therefore, is whether Diab's request for tax liability damages is a new "theory of damages," or merely a remedy to be sought under a "theory of damages." The Court finds Diab's request for tax liability damages to be merely a remedy to be sought under Diab's breach of contract "theory of damages," not a new "theory of damages" unto itself.

In proffering the above-included quote, the *Rockwell International* Court relied primarily upon the Tenth Circuit's opinion in *Wilson v. Muckala*, 303 F.3d 1207 (10th Cir. 2002). In *Wilson*, a case in which a female nurse sued a male doctor at her hospital for sexual harassment, "[t]he original complaint clearly alleged a claim of negligent infliction of emotional distress

4

against Dr. Muckala, and the amended complaint just as clearly dropped the claim." *Wilson*, 303 F.3d at 1214-15.  However, Wilson argued that "she reasserted negligent infliction of emotional distress [as a theory of damages] in the pretrial order." *Id*. at 1215.  It was this scenario, involving a completely distinct theory of damages, *i.e.*, negligent infliction of emotional distress, that prompted the *Wilson* court to opine about whether a "theory of damages" had been included in the pretrial order.  In upholding the denial of plaintiff's request to submit a negligent infliction of emotional distress theory of damages to the jury, the Tenth Circuit court of appeals held as follows:

> In dealing with an ambiguous pretrial order such as this, we must evaluate the order contextually to determine whether *the claim* was contained therein.  In this case, *the clear language of the amended complaint, coupled with the ambiguous language of the pretrial order*, lead us to conclude that there was insufficient documentary support for the allegation of a claim of negligent infliction of emotional distress against Dr. Muckula.

*Wilson*, 303 F.3d at 1216 (emphasis added).

In the instant case, Diab outlined a breach of contract theory of damages in the Joint Final Pretrial Order.  While Diab did not specifically request tax damages *under that theory of damages*, such omission runs afoul of neither the Tenth Circuit's holding in *Wilson*, nor the U.S. Supreme Court's holding in *Rockwell International*.  Put simply, tax liability, as a money damage, is but one of many possible *remedies* available under a breach of contract *theory of damages*, not a theory of damages unto itself.  As Diab included a breach of contract theory of damages within the Joint Final Pretrial Order, Diab was not required to specifically include a request for tax liability damages to comply with *Rockwell International*.

Furthermore, for the Court not to allow tax liability considerations in this case would be error.  This is a diversity breach of contract action under Michigan law.  Under Michigan law,

courts error by not allowing consideration of tax consequences when valuing stock options. *See Everett v. Everett*, 195 Mich. App. 50, 55 (1992) (". . .the trial court clearly erred when it valued the [stock] options without considering the tax consequences."). The same has been held by Michigan courts with respect to suits involving other fringe benefits of employment as well. *See Lesko v. Lesko*, 184 Mich. App. 395, 403 (1990) (". . .trial court clearly erred when it valued plaintiff's banked leave days at his gross rate of pay, failing to consider the tax consequences.").

There remains, however, the issue of Diab's noncompliance with Local Rule 16.2(b)(10). Again, that rule requires that the Joint Final Pretrial Order "itemize all claimed damages and shall specify damages that can be calculated from objective data." L.R. 16.2(b)(10). Like all local rules, however, "[f]or good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the [local] rules." L.R. 1.2.

Assuming *arguendo* that Diab's failure to include tax liability damages in the Joint Final Pretrial Report was a violation of Local Rule 16.2(b)(10), the Court temporarily suspends the operation of that local rule with respect to this matter. As described above, the Court would be in error under Michigan law should it not allow consideration of tax liability in valuing stock options. This alone warrants a finding of good cause shown for suspension of Local Rule 16.2(b)(10). The Court further finds that Mr. Grant's expert report, which placed the Defendants on notice of the potential for such damages to be claimed, demonstrates an absence of prejudice to the Defendants in suspending Local Rule 16.2(b)(10).

As there remains no legal argument justifying the Defendants' motion *in limine*, the Court **DENIES** the motion.

CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendants' "Motion *in Limine* to Bar Evidence of, or Reference to, Damages Elements Not Claimed in the Joint Final Pretrial Order" [Doc. No. 79].

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: June 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2009, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager