UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIAL DIAB,                                         Case No. 07-11681

        Plaintiff,                              HONORABLE SEAN F. COX
                                                United States District Judge
v.

TEXTRON, INC. et al.,

        Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR JUDGMENT AS A MATTER OF LAW [Doc. No. 92]

      Plaintiff Gabrial Diab ("Diab") filed this diversity breach of contract action on April 16, 2007. At the close of Diab's proofs during the jury trial on June 16, 2009, the Defendants made an oral motion for judgment as a matter of law. The Court heard oral argument on June 16, 2009, and ordered the parties to file briefs in support of their arguments. Both parties filed briefs on the issues on June 16, 2009. For the reasons that follow, the Defendants' "Motion for Judgment as a Matter of Law" [Doc. No. 92] is **DENIED**.

BACKGROUND

      Under the Defendants' stock option plan, the parties agree that Diab was entitled to exercise options within three months after leaving employment with the Defendants. Further, Diab submits that he was entitled to request an extension to exercise his options up to thirty-six months after leaving employment with the Defendants. It is this assertion by Diab, that he can claim damages based upon the exercise of options for up to thirty-six months, to which the

1

Defendants object.

Plaintiff's Trial Exhibit O, entitled "1999 Long-Term Incentive Plan - Stock Options," outlines the procedures by which an employee who leaves his or her position with the Defendants can exercise outstanding stock options:

> If your Textron employment ends for any reason other than your attainment of age 65 or Early Retirement (as described above), permanent mental or physical disability, or death, you may exercise each of your outstanding options within three months after your employment ends or until expiration of the option, whichever occurs first. *The Committee may extent the three-month period up to 36 months in its discretion.*

[Pl.'s Ex. O, p.4 (emphasis added)]. Plaintiff's Trial Exhibit Q, entitled "1999 Long-Term Incentive Plan for Textron Employees - January 1, 2003 Restatement," contains similar language:

> If an optionee's employment with Textron and its related companies shall end for any reason not specified in Sections 2.6(a), (b), or (d), the optionee shall have the right to exercise each Option granted to the optionee within three months after his or her termination of employment (*or within such later time, up to 36 months after his or her termination of employment, as the Committee may determine*) but, unless otherwise determined by the Committee, only to the extent the Option is exercisable at the time of such termination of employment.

[Pl.'s Ex. Q, §2.7(e), pp.6-7 (emphasis added)].

The Defendants argue that, as "Plaintiff has introduced no evidence that the committee would have exercised discretion to extend the 3 month period[,] nor any evidence that if it would have done so how long it would have extended the period," judgment as a matter of law is proper. [Def.'s Br., Doc. No. 92, p.2]. "Here, there is a complete absence of any evidence whatsoever that the planning commission would have extended the three month period to 36 months for Mr. Diab." *Id*.

In opposition to the Defendants' motion, Diab argues that reasonable minds could differ

regarding whether or not the Committee would have granted Diab an extension of up to thirty-six months to exercise the stock options he alleges were wrongfully denied him.  Further, Diab also argues that his failure to produce more evidence stems directly from the nature of the Defendants' alleged breach in the instant case:

> Plaintiff presented testimony from two witnesses regarding this subject matter, and an exhibit was admitted which was created by the Defendant[s] which states that it is possible [to be granted an extension of up to thirty-six months to exercise stock options].  Plaintiff specifically testified that he did not make such a request at the time of his termination since he had no unvested stock options at that time so such a request would have been impossible.  However, the Defendants' own Plan provides for that opportunity and it should be a question of fact for the jury to determine whether or not Plaintiff could have been provided with that 36 month time period.

[Pl.'s Br., Doc. No. 94, p.3].

## STANDARD OF REVIEW

Rule 50(a) of the Federal Rules of Civil Procedure provides that a Court may grant judgment as a matter of law where it finds "that a reasonable jury would not have a legally sufficient basis to find for a party" on a dispositive issue.  FED. R. CIV. P. 50(a)(1).  Because this is a diversity case applying Michigan law, the Court applies the standard of review of Michigan Courts.  *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 466 (6th Cir. 2009), *quoting Kusens v. Pascal Co.*, 448 F.3d 349 360 (6th Cir. 2006) ("In diversity cases, where a Rule 50 motion is based on the sufficiency of the evidence, this Court applies the standard of review used by the courts of the state whose substantive law governs the action").

As the Sixth Circuit noted in *Brocklehurst v. PPG Indus., Inc.*, 123 F.3d 890, 894 n.3 (6th Cir. 1997), "Michigan courts use the terms 'directed verdict' and 'judgment notwithstanding the verdict' rather than judgment as a matter of law."  Pursuant to Michigan law, on a motion for

directed verdict the Court must:

> view [ ] the evidence and all legitimate inferences in the light most favorable to the nonmoving party. And a directed verdict may be granted only if, after viewing all of the evidence in the light most favorable to the party opposing the directed verdict, reasonable minds could not differ on any question of material fact.

*Betts*, 558 F.3d at 467, *quoting Elezovic v. Ford Motor Co.*, 472 Mich. 408, 418 (2005).

## ANALYSIS

The Court holds that Diab has demonstrated a sufficient question of fact to survive the Defendant's instant motion for judgment as a matter of law. The "reasonable minds" contemplated by the Michigan Supreme Court in *Elezovic* could differ regarding whether Diab may have been afforded the discretion vested within the Committee. As Diab argues, the Defendants themselves foreclosed Diab's ability to seek the Committee's discretion when they denied him the stock options at issue in the instant case.

The very fact that the Defendants have a documented company policy of reviewing requests for extension of the time to exercise stock options demonstrates that Diab had a reasonable opportunity to have been granted such an extension. Otherwise, there would be no reason for the Defendants to include the opportunity for review in two separate corporate documents.

The jury in this case could certainly find that the evidence favors the Defendants on this issue. However, a reasonable jury could also find for Diab. The Defendants have failed to show that "a reasonable jury would not have a legally sufficient basis" under FED. R. CIV. P. 50(a) to find for Diab. The Court therefore **DENIES** the Defendants' "Motion for Judgment as a Matter of Law" [Doc. No. 92].

CONCLUSION

For the reasons set forth above, Defendants' "Motion for Judgment as a Matter of Law" [Doc. No. 92] is **DENIED**.

    **IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: June 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2009, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager